DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Thomas Nova III and Sherri Nova, appeal from the decision of the Summit County Court of Common Pleas which granted the summary judgment motions of Appellees, State Farm Mutual Automobile Insurance Company ("State Farm") and Scottsdale Indemnity Company ("Scottsdale"). We affirm.
 {¶ 2} On October 29, 1999, Appellant Thomas was injured in a vehicle accident when, during the course and scope of his employment as a firefighter, the fire engine in which he and Ian M. Faieta ("Faieta") were riding overturned.[1] Appellants filed suit against Appellees, Valley Fire District, and Faieta, claiming negligence, negligent entrustment, and loss of consortium. In their complaint and first amended complaint, Appellants sought money damages and a declaratory judgment regarding uninsured motorist (UM) coverage for the accident.[2] Faieta and Valley Fire District filed motions for summary judgment on April 8, 2002, alleging that both the fellow employee immunity doctrine and Appellant Thomas's receipt of workers' compensation for the accident barred recovery. The trial court never ruled on this motion because Appellants voluntarily dismissed Faieta and Valley Fire District without prejudice from the suit in October 2003.
 {¶ 3} Scottsdale, State Farm, and Appellants filed cross motions for summary judgment during September 2003. Both Scottsdale and State Farm alleged that Appellants were not entitled to UM coverage because, due to certain immunities, Appellants were not legally entitled to collect from Faieta or Valley Fire District. State Farm also alleged that Faieta could not be an uninsured motorist because Scottsdale had agreed to indemnify Faieta for any damages against him. The trial court granted the motions for summary judgment of State Farm and Scottsdale, finding that Appellants were not entitled to UM coverage under either policy.
 {¶ 4} Appellants timely appealed raising two assignments of error. For ease of review, we will discuss both assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court erred when it granted the motion for summary judgment of Appellee State Farm Mutual Automobile Insurance Company and denied the cross motion for summary judgment of [Appellants] finding that Appellants were not entitled to uninsured motorist coverage through State Farm for injuries and damages sustained as a result of the October 29, 1999 motor vehicle accident."
 ASSIGNMENT OF ERROR II
"The trial court erred when it granted the motion for summary judgment of Appellee Scottsdale Indemnity Company and denied the cross motion for summary judgment of [Appellants], finding that Appellants were not entitled to uninsured motorist coverage through Scottsdale for injuries and damages sustained as a result of the October 29, 1999 motor vehicle accident."
 {¶ 5} In their assignments of error, Appellants argue that the trial court erred in granting State Farm and Scottsdale's motions for summary judgment. Specifically, Appellants contend that: (1) Appellant Sherri is an insured under both policies, (2) where the operator of a motor vehicle qualifies for immunity, that vehicle is an uninsured motor vehicle under the State Farm Policy, (3) Faieta's possible immunity does not defeat coverage under either policy because Appellants are "legally entitled to collect" or "legally entitled to recover" based only on proof of fault without regard to any available defenses, (4) under Galatis, the fellow employee immunity doctrine should not bar recovery of UM benefits unless specifically retained in the policy, and (5) allowing an insurer to use the fellow employee immunity doctrine is in direct conflict with application of R.C. 3937.18(F). For the reasons below, we find that Appellants ultimate conclusion as to UM coverage lacks merit.
 {¶ 6} Summary judgment is proper under Civ.R. 56(C) if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
This court reviews the trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Any doubt must be resolved in the favor of the non-moving party. Viockv. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. In this particular case, no issues of material fact are in dispute, as Appellees have allowed this Court, for the sake of argument only, to assume that Faieta was driving the fire engine at the time of the accident. The only remaining question is whether the insurance policies and Ohio law existing at the time of the accident provide UM coverage to Appellants based upon those undisputed facts.
 A. {¶ 7} In determining whether an insured is entitled to UM coverage, this Court must consider both the language of the insurance policies and the law which was in effect at the time of the 1999 accident. Ross v.Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus. The State Farm contract at issue provides that State Farm "will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle." (Emphasis added.) Similarly, the Scottsdale policy extends UM coverage to the extent that "the `insured' is legally entitled to recover as compensatory damages from the owner or operator of * * * [a]n `uninsured motor vehicle' * * * because of `bodily injury' sustained by an `insured.'" (Emphasis added.) For the sake of argument alone, we will assume that Appellants are insureds under each policy, and that the fire engine qualifies as an uninsured motor vehicle. Application of UM coverage, therefore, depends upon whether Appellants were "legally entitled to collect" or "legally entitled to recover" from Faieta and Valley Fire District under the language of the respective insurance policies.
 {¶ 8} Neither policy explicitly defines "legally entitled to collect" or "legally entitled to recover."[3] However, on the date of the accident, October 29, 1999, R.C. 3937.18(A)(1)[4] indicated that:
"an insured is legally entitled to recover damages if the insured is able to prove the elements of the insured's claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle. The fact that the owner or operator of the uninsured motor vehicle has an immunity under Chapter 2744 of the Revised Code or a diplomatic immunity that could be raised as a defense in an action brought against the owner or operator by the insured does not affect the insured's right to recover under uninsured motorist coverage. However,any other type of statutory or common law immunity that may be a defensefor the owner or operator of an uninsured motor vehicle shall also be adefense to an action brought by the insured to recover under uninsuredmotorist coverage." (Emphasis added.)
 {¶ 9} Contrary to Appellants' contentions, proof that one is "legally entitled to recover" or "legally entitled to collect" damages requires more than proof of negligence alone, without regard to any possible defenses one may raise defeating liability. The statue permits an insurer to raise certain defenses, including any statutory or common law immunity which is not codified under Chapter 2744 of the Revised Code. See Smithv. Air-Ride, Inc., 10th Dist. No. 02AP-719, 2003-Ohio-1519, at ¶ 74. The Fellow Servant Immunity Doctrine, codified under R.C. 4123.74 and R.C.4123.741, therefore, remains available as a defense to application of UM coverage. See id. If the Fellow Servant Immunity Doctrine bars recovery of damages by Appellants against Faieta and Valley Fire District, Appellants are, by statute, not "legally entitled to recover" or "legally entitled to collect" any damages under the UM provisions of the policies. See State Farm Mut. Ins. Co. v. Webb (1990),54 Ohio St.3d 61.[5]
 {¶ 10} The Fellow Servant Immunity Doctrine provides immunity to both an employer and fellow employee for damages arising in the course and scope of employment as long as the injury is compensable under the worker's compensation statutes. R.C. 4123.74 and R.C. 4123.741. In this case, Appellants concede that the immunity applies under R.C. 4123.74 and R.C. 4123.741 so that neither Valley Fire District nor Faieta would be liable for damages caused by the accident. Because this immunity bars recovery against Valley Fire District and Faieta, it also defeats application of UM benefits under both insurance policies.
 B. {¶ 11} Appellants also contend that the Fellow Servant Immunity Doctrine is not available to Appellees as a defense because (1) R.C.3937.18(A)(1) and R.C. 3937.18(F) are in conflict such that rules of statutory construction "mandate the conclusion that under R.C. 3937.18
[the fellow employee immunity doctrine] does not constitute a valid defense to Appellants' action to recover [UM] coverage[,]" and (2) the plain language of Westfield Insurance Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, requires that an insurer must cover all uninsured losses arising out of the scope and course of employment regardless of any defenses afforded by law unless the insurance contract explicitly reserves the insurer's right to use that defense. We will address both arguments in turn.
 {¶ 12} R.C. 3937.18(F) stated that UM coverage "shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury or death." This, Appellants claim, is in direct conflict with the more general provision under R.C. 3937.18(A)(1) barring recovery of UM benefits where the fellow employee immunity doctrine, relating to workers' compensation benefits, applies. The Ohio Supreme Court has already decided this issue:
"`[T]he meaning of [R.C. 3937.18(F)], plain on its face, is that there can be no provision in uninsured or underinsured coverages which creates an exclusion to, or reduction in, amount of coverage because of a workers' compensation award. This has nothing whatsoever to do with the immunity provided under R.C. 4123.741.'" Webb, 54 Ohio St.3d at 64, quoting Thiel v. Allstate Ins. Co. (1986), 23 Ohio St.3d 108, 114.
 {¶ 13} Neither of the insurance policies in this case direct exclusion or reduction in the amount of UM coverage based upon applicability of workers' compensation benefits. The policies, therefore, are not in conflict with R.C. 3937.18(F). However, as noted in Webb, a party may, nonetheless, use the Fellow Servant Immunity Doctrine as a defense to liability. Webb, 54 Ohio St.3d at 64.
 {¶ 14} Finally, Appellants contend that Galatis provides UM coverage in this case because the insurance policies did not explicitly retain the Fellow Servant Immunity Doctrine as a bar to coverage. Appellants, however, misread Galatis:
"Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Galatis,100 Ohio St.3d 216, paragraph two of the syllabus, 2003-Ohio-5849.
 {¶ 15} This language only requires an insurer to include language explicitly extending UM coverage to losses sustained outside of the course and scope of employment for an insured to recover in such a situation. It does not limit, in any way, applicable defenses permitted by law that an insurer may use to deny UM coverage. The policies of Appellees, therefore, need not have explicitly retained the Fellow Servant Immunity Doctrine in order for Appellees to use that immunity to deny liability in this case.
 C. {¶ 16} We find that (1) Appellants are not "legally entitled to collect" or "legally entitled to recover" damages under the respective UM provisions in Appellees' policies, (2) R.C. 3937.18(A)(1) and (F) are not in conflict, and (3) Galatis does not require an insurer to explicitly retain the Fellow Servant Immunity Doctrine for an insurer to use that defense to deny liability under a UM provision. Accordingly, we overrule Appellants' assignments of error.
 {¶ 17} We overrule Appellants' assignments of error and affirm the decision of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., concur.
[1] The parties dispute whether Appellant or Faieta was driving the fire engine at the time of the accident, but have agreed, for the sake of argument in this court alone, that Faieta was the driver.
[2] Scottsdale insured Valley Fire District at the time of the accident, while State Farm was Appellant Thomas's insurer.
[3] Appellants insist that the State Farm policy actually equates legal liability with "fault" according to the language of the contract. The contract reads:
"Deciding Fault and Amount
"Two questions must be decided by agreement between the insured and us:
"1. Does the owner or driver of the uninsured motor vehicle legally owe the insured damages; and
2. If so, in what amount?" (Emphasis omitted.)
Contrary to Appellants arguments, "fault" under this section is equated with to what one "legally owe[s.]" The plain language of the contract requires one to "legally owe" another before they can be at "fault[.]"
[4] All references to the Revised Code are to the language in effect on October 29, 1999, the date of the accident.
[5] While Webb was superceded in 1994 by amendment to the language of R.C. 3937.18, which explicitly barred insurers from using any immunity defenses to avoid UM coverage, the legislature re-amended the statutory language in 1997 to permit use of certain limited immunity defenses to an insurer's obligation to pay UM benefits, creating a situation similar to that which existed when Webb was decided.