CATALANO, Appellant,

v.

CITY OF LORAIN, Appellee.

[Cite as *Catalano v. Lorain,* 161 Ohio App.3d 841, 2005-Ohio-3298.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 04CA008596.

Decided June 29, 2005.

Geoffrey Smith, for appellant.

John T. McLandrich, Frank H. Scialdone, and Jeffrey T. Kay, for appellee.

Slaby, Presiding Judge.

{¶ 1} Appellant, Bruno Catalano, appeals the decision of the Lorain County Court of Common Pleas granting the motion of appellee, the city of Lorain, for summary judgment.

{¶ 2} On May 2, 2001, appellant, a building-maintenance supervisor for Lorain County City Hall, was walking across the parking lot adjoining the Lorain City Hall/Police Department when a police dog jumped out of a police vehicle and attacked him. Appellant received workers' compensation benefits as a result of the injuries he sustained on May 2, 2001.

{¶ 3} On May 2, 2002, appellant filed a complaint in the Lorain County Court of Common Pleas against his employer, the city of Lorain. Appellant alleged that Lorain was negligent for failing to maintain the dog and strictly liable for his injuries. Appellant requested both compensatory and punitive damages.

{¶ 4} The matter was ordered to arbitration, which was heard on December 22, 2003. The arbitration panel found for appellant in the amount of $30,000. On January 20, 2004, appellee filed an appeal de novo from the arbitration decision. Appellee filed a motion for summary judgment with the court on March 26, 2004. The trial court granted appellee's motion for summary judgment on September 20, 2004. Appellant appeals the trial court's decision, asserting two assignments of error for our review. For ease of discussion, we will consider both of Appellant's assignments of error together.

## ASSIGNMENT OF ERROR I

The court erred in granting summary judgment where [appellee] was not entitled to utilize R.C. 2744.02(A) as a shield to liability where the circumstances of this case fit within the exceptions provided by R.C. 2744.02(B).

## ASSIGNMENT OF ERROR II

The court erred in not finding that [appellee] was not entitled to the immunity defenses found in R.C. 4123.74 where [appellee] acted in a dual capacity.

{¶ 5} In both assignments of error, appellant maintains that the trial court erred in granting summary judgment in favor of appellee. Appellant maintains that appellee was not entitled to assert immunity under R.C. 2744.02 or R.C. 4123.74 because appellee's negligence was not covered under R.C. 2744.02, and appellee acted in a dual capacity. We disagree.

{¶ 6} Appellate courts consider an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is proper under Civ.R. 56 when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 7} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the nonmoving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639.

{¶ 8} In this case, we find that appellant has not met the *Dresher* standard in showing that there are genuine factual issues remaining to be litigated. Appellant was not able to demonstrate that appellee was not immune from tort liability.

{¶ 9} In his first assignment of error, appellant maintains that the trial court erred in finding that appellee was entitled to use R.C. 2744.02 as a shield against liability. R.C. 2744.01 provides a political subdivision, such as appellee, Lorain, with general immunity from suits for damages involving injuries. R.C. 2744.02 provides a number of exceptions to the immunity granted in R.C. 2744.01. These exceptions to immunity allow a citizen to pursue a negligence claim against the political subdivision if one of the stated exceptions to immunity applies.

{¶ 10} In this case, however, appellant is not suing Lorain as a private citizen, but as an employee injured through the conduct of a coemployee, the police officer. Appellee had been current with its workers' compensation obligations at the time of appellant's injuries, allowing appellant to recover workers' compensation benefits for his injuries, which he did. Thus, the appropriate statute to consider is R.C. 4123.74.

{¶ 11} R.C. 4123.74 provides immunity to employers from damage liability to employees so long as the employer was in full compliance with the workers' compensation statutes at the time of the accident. R.C. 4123.74 provides:

Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury * * *

received or contracted by any employee in the course of or arising out of his employment * * * occurring during the period covered by such premium so paid into the state insurance fund * * * whether or not such injury * * * is compensable under this chapter.

{¶ 12} An employee who was injured by the negligence of another employee in the course and scope of his employment may recover only his workers' compensation benefits. See *Kelbley v. Hurley* (1994), 94 Ohio App.3d 409, 413–414, 640 N.E.2d 1173. In this case, appellant was walking across his employer's property, returning to work from his lunch break, and thus was within the scope of his employment when he was injured by a police dog that jumped out of the window of a police vehicle. As mentioned above, city hall and the police department share a parking lot, and the employees of both are employees of Lorain, the appellee in this case.

{¶ 13} Appellant concedes that appellee was current with its payments under the workers' compensation statutes at the time he was injured, and he acknowledges that he obtained benefits under the Workers' Compensation Act. Consequently, appellant is limited to recovering his workers' compensation benefits and is precluded under these facts from pursuing additional actions against his employer. See *Bakonyi v. Ralston Purina Co.* (1985), 17 Ohio St.3d 154, 157, 17 OBR 356, 478 N.E.2d 241 ("Where the injury suffered in the course of employment is not intentionally inflicted the employee's sole avenue of recovery is through workers' compensation").

{¶ 14} Appellant maintains that an exception to the immunity provided under R.C. 4123.74 applies in this case. He maintains that his employer, Lorain, acted in a dual capacity towards him. One exception to the immunity provided to employers under R.C. 4123.74 is that tort liability may attach if the employer was acting in a dual capacity with respect to the injured employee. *Baird v. Schwebel Baking Co.* (Jan. 2, 1991), 9th Dist. No. 14613, at 4, 1991 WL 1960. Pursuant to the dual-capacity doctrine, an employer may become liable to an employee if the employer "possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person." *McDonald v. Contr. & Indus. Builders* (Aug. 26, 1992), 4th Dist. No. 91CA2005, at 22, 1992 WL 209499. The Supreme Court has held:

"In order for the dual-capacity doctrine to apply, there must be an allegation and showing that the employer occupied two independent and unrelated relationships with the employee, that at the time of these roles of the employer there were occasioned two different obligations to this employee, and that the employer had during such time assumed a role other than that of employer."

*Bakonyi,* 17 Ohio St.3d 154, 157, 17 OBR 356, 478 N.E.2d 241, quoting *Freese v. Consol. Rail Corp.* (1983), 4 Ohio St.3d 5, 445 N.E.2d 1110. "Dual capacity or persona will not be found merely because the employer has a number of departments or divisions that perhaps are quite separate in their functions and operations." *McDonald,* 4th Dist. No. 91CA2005, at 22, 1992 WL 209499.

{¶ 15} Appellant maintains that "[t]he role of the Defendant–Appellee's police officer to the Plaintiff–Appellant in this circumstance was not that of employer to employee. Therefore, the dual capacity doctrine applies to bar immunity." Essentially, appellant claims that the police officer who failed to control his dog was not acting as appellant's employer, and thus, the dual-capacity doctrine bars immunity. Appellant misunderstands the dual-capacity doctrine. The relationship at issue is not between the police officer in this case and appellant, but rather, Lorain in its capacity as appellant's employer and as the police officer's employer. The police officer and appellant are coemployees, both being employed by Lorain.

{¶ 16} Appellant claims that Lorain is liable under the dual-capacity doctrine because under one capacity, Lorain is appellant's employer, and in the other capacity, it failed to properly secure the police attack dog. Essentially, appellant's complaint is that Lorain as the police officer's employer failed to provide a safe working environment for appellant by failing to property restrain the police dog. Under the circumstances, appellant alleges, there is no evidence that appellee was occupying two independent and unrelated relationships with appellant.

■ {¶ 17} A public employer, such as the instant appellee, may not be liable to an employee on a dual-capacity theory when the claim relies on a theory of failure to provide a safe work environment. *Freese v. Consol. Rail Corp.* (1983), 4 Ohio St.3d 5, 12, 445 N.E.2d 1110. In *Freese,* the Supreme Court stated:

[I]n order for the dual-capacity doctrine to apply, there must be an allegation and showing that the employer occupied two independent and unrelated relationships with the employee, that at the time of these roles of the employer there were occasioned two different obligations to this employee, and that the employer had during such time assumed a role other than that of employer. Here, the only injuries for which the appellant is seeking damages are those he suffered in the course of his employment due to his employer's negligence in failing to maintain a safe place to work. There has been no showing that the city ever assumed a second independent and unrelated role as to this appellant. The city did not assume, or occupy, a dual capacity to this appellant. The

Workers' Compensation Act is, in this instance, the exclusive avenue of recovery for this employee.

Id.

{¶ 18} Similarly, in the case at hand, appellant argues that he was injured by appellee's negligence in failing to maintain a safe place to work. Appellant has not shown how Lorain assumed a second and independent role towards him. Therefore, we find that appellant has failed to meet the burden of proof required to overcome a motion for summary judgment as required by *Dresher*.

{¶ 19} Appellant's two assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

CARR and MOORE, JJ., concur.