DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Fredric Sellers, appeals the decision of the Summit County Court of Common Pleas granting summary judgment in favor of Appellee, the City of Akron. We affirm the decision of the trial court.
 {¶ 2} Appellant was employed by Appellee as a police officer. Appellant alleges that he contracted a lung disease, which resulted from his exposure to toxic chemicals in the police crime laboratory. On June 9, 2004, Appellant filed a complaint against Appellee alleging intentional tort, and later amended the complaint to include a claim of negligence. Appellee filed a motion for summary judgment, addressing both the intentional tort and negligence claims on October 2, 2005. The trial court granted Appellee's motion for summary judgment and dismissed both of Appellant's claims on February 3, 2006. Appellant now appeals the trial court's dismissal of his negligence claim, asserting a single assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in granting summary judgment to the City of Akron on the basis of worker compensation immunity."
 {¶ 3} In his only assignment of error, Appellant argues that the trial court erred in granting summary judgment to Appellee on the basis of worker compensation immunity. We note, as an initial matter, that the trial court granted summary judgment on Appellant's negligence claim under two separate legal theories. First, the trial court determined that Appellee was entitled to statutory immunity under R.C. 2744.02. Second, the trial court found that R.C. 4123.74 and R.C. 4123.741 provide that Appellant's sole remedy lies with the worker's compensation laws.
 {¶ 4} Each of the trial court's findings, in and of itself, is sufficient to support summary judgment. Appellant has appealed only one of the trial court's two reasons for granting summary judgment. Even if we were to find that Appellant's assignment of error had merit, the trial court's second, alternative reason for granting summary judgment would stand.
 {¶ 5} As cited by Appellant, in Catalano v. Lorain,161 Ohio App.3d 841, 2005-Ohio-3298, ¶ 9, we found that "R.C. 2744.01
provides a political subdivision * * * with general immunity from suits for damages involving injuries. R.C. 2744.02 provides a number of exceptions to the immunity granted in R.C. 2744.01." A citizen may pursue a negligence claim against a political subdivision only if one of the exceptions to immunity apply, as set forth in R.C. 2744.02. Id. Appellant stated, in his reply brief to this Court that he "in his Amended Complaint, made exactly such a negligence claim under one of the exceptions listed in R.C. 2744.02." Appellant failed to inform this court which exception his negligence claim was made under, and why the trial court erred in not finding that such exception applied. Consequently, we can only assume that Appellant is not appealing the trial court's decision to grant summary judgment on the basis of the immunity provided a political subdivision under R.C.2744.01.
 {¶ 6} As the trial court provided two separate reasons why summary judgment was proper, and Appellant has appealed only one of those reasons, discussion of the second, unappealed from reason is moot. Even if we were to assume that Appellant's argument that the trial court erred in granting summary judgment on the basis of worker's compensation immunity had merit, we still could not reverse the trial court's decision granting summary judgment because Appellee is still immune from suit under R.C. 2744. Accordingly, we overrule Appellant's assignment of error and affirm the decision of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., concurs.
 Carr, J., concurs in Judgment Only, Saying:
 {¶ 7} R.C. 4123.74 and R.C. 4123.741 provide the exclusive remedy for ordinary negligence occurring in the workplace. VanFossen v. Babcock and Wilcox Co. (1988), 38 Ohio St.3d 100. I would affirm solely on this basis.