[Cite as *Petracca & Luisi v. Rosen*, 2014-Ohio-3313.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PETRACCA & LUISI, AN OHIO
PARTNERSHIP

    Appellee

    v.

HST EQUITY CORP., et al.

    Appellant

C.A. No.     27220


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-04-2814

DECISION AND JOURNAL ENTRY

Dated: July 30, 2014

HENSAL, Judge.

{¶1} Michael Rosen appeals a judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} In April 2010, Lucy Luisi brought a forcible entry and detainer action against HST Equity Corp. and Michael Rosen, alleging they had breached rental agreements for several commercial properties. Over the following 20 months, the complaint was amended several times to add or substitute parties and claims. In the fourth amended complaint, Petracca & Luisi, an Ohio Partnership, sued HST, Mr. Rosen, and Highway Safety & Technology Corp. for breach of rental agreement and unjust enrichment. The defendants counterclaimed, alleging that the partnership failed to disclose or remediate black mold that was at one of the properties.

{¶3} The trial court resolved some of the parties' claims on summary judgment and set the remainder for trial. On the day of trial, the parties reached a settlement agreement in which

Mr. Rosen agreed to have a judgment entered against him for $20,000 and Petracca & Luisi agreed not to execute on the judgment if Mr. Rosen made three installment payments of $5,000. Subsequently, on November 26, 2012, the parties and trial court signed an "Agreed Judgment Entry" and "Stipulation of Dismissal with Prejudice."

{¶4} In November 2013, Mr. Rosen moved to vacate the judgment under Civil Rule 60(B), alleging that he had discovered new evidence that was not available at trial. He also alleged that Petracca & Luisi had failed to give him proper notice under the rental agreements. In his memorandum in support of his motion, Mr. Rosen argued that Lucy Luisi had never been properly added as a partner of Petracca & Luisi and that Michael Luisi had not been authorized to enter into a leasing agreement on behalf of the partnership. He further argued that Mr. Luisi had engaged in the unauthorized practice of law.

{¶5} Petracca & Luisi opposed the motion to vacate, arguing (1) that a Rule 60(B) motion was not the proper vehicle to challenge the settlement agreement and (2) that Mr. Rosen failed to satisfy the requirements of the rule. The trial court agreed, concluding that "Rosen's Civ.R. 60(B) Motion is not the proper vehicle to rescind the settlement agreement and dismissal order." "Alternatively, [he] has not complied with, at a minimum, the third prong of the *GTE Automatic Elec., Inc.* test [for Rule 60(B) motions] outlined above." It, therefore, denied his motion. Mr. Rosen has appealed, assigning six errors, which this Court has combined for ease of consideration.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING APPELLANTS (SIC) UNOPPOSED 60(B) MOTION AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE MOTION FOR RELIEF WITHOUT SO MUCH AS A MINIMAL EVIDENTIARY HEARING AS SUFFICIENT FACTS WERE

PRESENTED TO THE COURT IN AND WITH THE PLEADING SO AS TO MERIT AN EVIDENTIARY HEARING.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT FAILED TO APPLY THE CLEAR AND CONVINCING EVIDENCE STANDARD.

## ASSIGNMENT OF ERROR III

THE COURT ERRED IN NOT CONSTRUING THE EVIDENTIARY DOCUMENTS AND INFORMATION IN THE 60(B) MOTION AS NEWLY DISCOVERED EVIDENCE WHICH DISCLOSES A STRONG PROBABILITY THAT IT WOULD CHANGE THE RESULTS IF A NEW TRIAL WERE GRANTED, THAT IT HAD BEEN DISCOVERED SINCE THE TRIAL, IT IS SUCH AS COULD NOT IN THE EXERCISE OF DUE DILIGENCE HAVE BEEN DISCOVERED BY APPELLANT BEFORE TRIAL, IT IS MATERIAL TO THE ISSUES AND IS NOT MERELY CUMULATIVE TO FORMER EVIDENCE, AND DOES NOT MERELY IMPEACH OR CONTRADICT ANY FORMER EVIDENCE.

## ASSIGNMENT OF ERROR IV

THE COURT ERRED IN DENYING APPELLANTS (SIC) MOTION BASED UPON THE FACT THE JUDGMENT WAS NOT EQUITABLE IN LIGHT OF THE FACT THAT A NON-PARTY TO THE ACTION EXECUTED A SETTLEMENT AGREEMENT THAT WAS ALLEGEDLY BETWEEN THE PARTIES TO THE SUIT.

## ASSIGNMENT OF ERROR V

THE COURT ERRED IN THEIR DISMISSAL FAILING TO APPLY THE PREPONDERANCE OF EVIDENCE STANDARD AND CONSIDER APPELLEES (SIC) LACK OF OPPOSITION AS TO THE GENERAL RULE THAT FAILURE TO PRODUCE EVIDENCE WITHIN A PARTY'S CONTROL RAISES A PRESUMPTION THAT IF PRODUCED WOULD OPERATE AGAINST THAT PARTY.

## ASSIGNMENT OF ERROR VI

THE COURT ERRED IN ASSUMING APPELLANTS (SIC) 60(B) MOTION WAS MEANT FOR THE PURPOSE OF RECISSION OF THE AGREEMENT WHEN IT WAS CONCISELY MEANT FOR AND PLEAD JUDICIAL RELIEF FROM JUDGMENT GRANTED UPON FRAUD.

**{¶6}** The trial court gave two, alternate, reasons for denying Mr. Rosen's motion under Civil Rule 60(B). First, it found that a motion under Rule 60(B) was not the proper vehicle to set aside the settlement agreement and dismissal order. Second, it concluded that Mr. Rosen had failed to comply with all three parts of the *GTE Automatic* test. *See GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150 (1976) ("To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *.").

**{¶7}** In his assignments of error, Mr. Rosen presents several arguments for why his Rule 60(B) motion met the rule's requirements. None of his assignments of error or his arguments in support of them, however, address the first ground that the trial court gave for denying his motion, which was that a Rule 60(B) motion was not the proper vehicle for challenging the settlement agreement and related dismissal order. Each of the trial court's reasons for denying the Rule 60(B) motion was, in and of itself, sufficient grounds to support the court's judgment. Because Mr. Rosen has only contested one of those grounds, we note that, even if we agreed with Mr. Rosen that he established each prong of the *GTE Automatic* test, we still could not reverse the trial court's judgment because he has not demonstrated that the court's other ground is invalid. *See Sellers v. Akron*, 9th Dist. Summit No. 23098, 2006-Ohio-3110, ¶ 4 ("Even if we were to find that Appellant's assignment of error had merit, the trial court's second, alternative reason for granting summary judgment would stand."). Accordingly, any error that the trial court made with respect to the applying the *GTE Automatic* test was, at most, harmless error.

{¶8}  Regarding Mr. Rosen's argument that the trial court should have held a hearing before disposing of his motion, the Ohio Supreme Court has determined that a trial court should grant a hearing on a Rule 60(B) motion "if the * * * motion contains allegations of operative facts which would warrant relief from judgment[.]" *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).  In light of the fact that the trial court determined that Rule 60(B) was not the proper vehicle for Mr. Rosen to seek redress, we conclude that it did not err when it decided his motion without holding a hearing.  Mr. Rosen's assignments of error are overruled.

III.

{¶9}  Mr. Rosen has not challenged the trial court's conclusion that Rule 60(B) is not the correct vehicle to undo the parties' settlement agreement.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCUR.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

MICHAEL ROSEN, pro se, Appellant.

JOHN F. HILL, Attorney at Law, for Appellee.