SAUNDERS et al., Appellants,

v.

HOLZER HOSPITAL FOUNDATION et al., Appellees.

[Cite as *Saunders v. Holzer Hosp. Found.,* 176 Ohio App.3d 275, 2008-Ohio-1032.]

Court of Appeals of Ohio,
Fourth District, Gallia County.

No. 06CA3.

Decided March 4, 2008.

278

Frank A. Ray and Janica A. Pierce, for appellants.

Patrick Kasson, for appellees.

PER CURIAM.

{¶ 1} This is an appeal from a Gallia County Common Pleas Court summary judgment in favor of Holzer Hospital Foundation and Michael Z. Hemphil, defendants below and appellees herein. Alicia and Charles Saunders, plaintiffs below and appellants herein, raise the following assignments of error for review: [1]

### First Assignment of Error

Whether appellee Holzer Medical Center is immune from the medical malpractice claim of appellants Alicia Saunders and Charles Saunders' [sic] for Mrs. Saunders' alleged injury, which occurred on October 23, 2003, due to negligently administered medical treatment of a prior workplace injury by appellee Michael Z. Hemphil, a physical therapist employed by Holzer.

### Second Assignment of Error

With regard to Mrs. Saunders' claimed injuries due to Hemphil's negligence, whether Holzer is subject to the dual capacity doctrine as not only Mrs. Saunders' employer but also Mrs. Saunders' medical provider.

### Third Assignment of Error

Whether the fellow-employee immunity statute bars Mrs. Saunders from pursuing a negligence claim for personal injury against Hemphil if his services at issue were performed on behalf of Holzer where Holzer was Mrs. Saunders' medical provider under the dual capacity doctrine.

{¶ 2} On April 26, 2003, Alicia Saunders suffered a neck injury while employed as a delivery-room nurse at Holzer. She received workers' compensation benefits for her injury. Saunders alleges that on October 23, 2003, while she was

---

1. Appellants' brief does not contain "assignments of error." Instead, appellants set forth "issues presented." We construe the "issues presented" as assignments of error.

receiving physical therapy during her working hours for her work-related injury, Hemphil, a Holzer employee, negligently caused further injury to her neck.

{¶ 3} Appellants filed a medical-negligence and loss-of-consortium complaint against Holzer and Hemphil. Subsequently, appellees requested summary judgment and asserted that (1) Holzer is immune from appellants' negligence claim pursuant to the workers' compensation act, (2) the fellow-employee immunity statute bars appellants' claim against Hemphil, (3) Holzer did not assume a dual capacity, and that doctrine does not apply to Hemphil, a fellow employee, and (4) because appellants do not have a viable claim against Hemphil, their claims against Holzer must fail on agency principles. Appellees supported their motion with (1) appellants' answer to appellees' first request for admissions and interrogatories, (2) Holzer Medical Center assessments, (3) Saunders's deposition, (4) Rosie Ward's affidavit, (5) Hemphil's affidavit, and (6) appellees' second set of interrogatories and request for admissions that appellants failed to answer.

{¶ 4} According to appellees, the evidentiary materials reveal that Saunders received physical therapy through Holzer Work Link, a work-injury-management service that Holzer offered, and workers' compensation covered the physical therapy visit during which she allegedly suffered her second injury. Also, Holzer paid all medical bills associated with Saunders's injury under its self-insured workers' compensation system, and Saunders received workers' compensation benefits for her off-work time due to the injury that she suffered during physical therapy. Appellees noted that Saunders stated in her deposition that she has not worked since the October 2003 injury and that the October 2003 injury was an additional condition added on to her original claim. Saunders testified that she receives temporary total disability benefits from Holzer's workers' compensation program.

{¶ 5} Thus, appellees argued that because Saunders received workers' compensation for her October 2003 injury and has been completely compensated, she is not entitled to pursue a negligence claim and is not entitled to double recovery.

{¶ 6} Appellees also contended that they have immunity because Saunders was in the course and scope of employment at the time of Hemphil's alleged negligence. They pointed out that Saunders was on the clock and receiving treatment for a work-related injury at her work site when the second injury occurred. Appellees further asserted that appellants' claims against Hemphil are barred under the fellow-employee immunity statute and that the dual-capacity doctrine did not apply so as to except Holzer from workers' compensation immunity. Appellees argued that the dual-capacity doctrine does not apply to fellow employees, such as Hemphil, and because Hemphil cannot be held liable under the fellow-employee immunity statute, under agency principles Holzer cannot be held liable.

{¶ 7} Appellants did not respond to the merits of appellees' summary judgment motion. Instead, they filed a Civ.R. 30(E) motion to suppress Saunders's deposition testimony and asserted that Saunders did not waive reading and signing her deposition. Consequently, appellants maintained, the trial court could not consider her deposition and appellees could not demonstrate the absence of a material issue of fact so as to warrant summary judgment in their favor.

{¶ 8} After reviewing the motions and evidentiary materials, the trial court awarded Holzer summary judgment, although the court did not explain its rationale. The court also stated that it did not consider Saunders's deposition.[2] This appeal followed.

{¶ 9} Because appellants' three assignments of error all challenge the propriety of the trial court's summary judgment decision, we consider them together.[3] In their assignments of error, appellants assert that (1) Holzer did not fulfill its burden to show that no genuine issues of material fact remain regarding whether it is entitled to workers' compensation immunity, (2) genuine issues of material fact remain as to whether the dual-capacity doctrine applies, and (3) appellees failed to meet their burden to show the absence of a material fact as to whether the fellow-employee immunity statute bars their claims against Hemphil.

A

## SUMMARY JUDGMENT STANDARD

{¶ 10} An appellate court conducts a de novo review of a trial court's summary judgment. See, e.g., *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, appellate courts independently review the record to determine whether summary judgment is appropriate and need not defer to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; *Morehead v. Conley* (1991), 75 Ohio

---

2. Because the trial court did not consider Saunders' deposition, we should not consider it. A reviewing court should consider only the evidence that the trial court had before it. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus; *Walter v. AlliedSignal, Inc.* (1999), 131 Ohio App.3d 253, 258, 722 N.E.2d 164.

3. Although appellants raise three assignments of error, their brief contains only two separate arguments. App.R. 16(A)(7) requires an appellant to separately argue each assignment of error. Furthermore, App.R. 12(A)(2) authorizes us to disregard any assignment of error that an appellant fails to separately argue. Thus, we would be within our authority to summarily overrule any assignment of error that an appellant does not separately argue. See, e.g., *Mtge. Electronic Registrations Sys. v. Mullins*, 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, at ¶ 22. However, in the interests of justice, we will review all the assignments of error.

App.3d 409, 411–412, 599 N.E.2d 786. Thus, to determine whether a trial court properly granted summary judgment, an appellate court must review the Civ.R. 56 standard as well as the applicable law. Civ.R. 56(C) provides:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence [in the pending case,] and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Thus, a trial court may not grant summary judgment unless the evidentiary materials demonstrate that (1) no genuine issue as to any material fact remains to be litigated, (2) after the evidence is construed most strongly in the nonmoving party's favor, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to judgment as a matter of law. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429–430, 674 N.E.2d 1164.

{¶ 11} Under Civ.R. 56, the moving party bears the initial burden to inform the trial court of the motion's basis and to identify those portions of the record that demonstrate the absence of a material fact. *Vahila*, supra; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. A moving party cannot, however, discharge its initial burden with a conclusory assertion that the nonmoving party has no evidence to prove its case. See *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 147, 677 N.E.2d 308; *Dresher*, supra. Rather, a moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); *Dresher*, supra. "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant summary judgment." *Pennsylvania Lumbermens Ins. Corp. v. Landmark Elec., Inc.* (1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65. A summary judgment motion's goal is to determine whether

sufficient evidence exists to support the essential elements of the nonmoving party's claim. *Bragg v. King* (Mar. 6, 1998), Montgomery App. No. 16666, 1998 WL 128410. However, the movant must satisfy the initial burden to demonstrate that summary judgment is justified. "Unless and until the movant has properly supplied the court with evidentiary materials to meet the test of the rule, the nonmoving party has no burden to oppose the movant or supply contra evidence, in order to avoid an adverse ruling." *Pond v. Carey Corp.* (1986) 34 Ohio App.3d 109, 112, 517 N.E.2d 928. Thus, a lack of response by an opposing party cannot, standing alone, support the granting of summary judgment. See also *Stemen v. Shibley* (1982), 11 Ohio App.3d 263, 11 OBR 441, 465 N.E.2d 460. Thus, even if the nonmovant fails to respond to a motion for summary judgment, the movant is not entitled to summary judgment unless it meets its burden to establish that no genuine issues of material fact remain and that it is entitled to judgment in its favor.

{¶ 12} Once a moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts to show that a genuine issue of fact remains. Civ.R. 56(E); *Dresher*, supra. A trial court may grant a properly supported summary judgment motion if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts to show that a genuine issue of material fact remains. *Dresher*; *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027.

## B

### WORKERS' COMPENSATION IMMUNITY

{¶ 13} Holzer asserts that summary judgment is appropriate because no genuine issues of material fact remain as to whether it is entitled to immunity under the workers' compensation statutes. Holzer claims that it is immune because it complied with the workers' compensation statutes and paid Saunders workers' compensation benefits for her injury.

{¶ 14} When a party invokes an immunity defense, the party must present evidence tending to prove the underlying facts upon which the defense is based. See, generally, *Hall v. Fort Frye Local School Dist. Bd. of Edn.* (1996), 111 Ohio App.3d 690, 676 N.E.2d 1241. R.C. 4123.74 contains the employer's workers' compensation immunity provision:

> Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee *in the course of or arising out of his employment,* or for any death resulting from such injury, occupational disease, or bodily condition occurring during the

period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.

(Emphasis added.) "Cases construing R.C. 4123.74 have held that this statute provides to employers immunity from liability to employees so long as the employer was in full compliance with the workers' compensation statutes at the time of the accident." *Maynard v. H.A.M. Landscaping, Inc.*, 166 Ohio App.3d 76, 2006-Ohio-1724, 849 N.E.2d 77, at ¶ 17, citing *Catalano v. Lorain*, 161 Ohio App.3d 841, 2005-Ohio-3298, 832 N.E.2d 134, and *Jones v. Multi–Color Corp.* (1995), 108 Ohio App.3d 388, 670 N.E.2d 1051. "Thus, an employer with an Industrial Commission certificate of workers' compensation insurance governing the period when a workplace injury or death occurs to an employee is entitled to judgment in its favor based on the statutory immunity from nonintentional personal injury and wrongful death tort claims as a matter of law." *Walter*, 131 Ohio App.3d at 260, 722 N.E.2d 164; see also *Maynard*, at ¶ 18. The statute requires, however, that for immunity to apply, the injury must be sustained in the course of or arise out of employment. In contrast to the requirements for compensability, which are conjunctive,[4] the requirements for R.C. 4123.74 immunity are disjunctive. See *Maynard*, at ¶ 20 and 22. Consequently, a complying employer is entitled to workers' compensation immunity if the employer establishes either that the injury occurred in the course of or arose out of employment. Id. Again, the employer need not show both. Id. Thus, for Holzer to be immune from liability for appellants' negligence claim, the record must be devoid of any genuine issues of material fact regarding whether (1) Holzer complied with R.C. 4123.35,[5] and (2) Saunders sustained her injury in the course of or arising out of her employment.

{¶ 15} After our review of appellee's evidentiary materials submitted in support of its summary judgment request, we do not believe that Holzer satisfied its burden to show the absence of a material fact as to whether Saunders sustained her second injury in the course of or arising out of her employment. "In the course of" usually refers to the time, place, and circumstances of the injury. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271. "The phrase 'in the course of employment' limits compensable injuries to those

---

4. R.C. 4123.01(C) requires that the injury be sustained both in the course of and arising out of the injured employee's employment. See, e.g., *Stivison v. Goodyear Tire & Rubber Co.* (1997), 80 Ohio St.3d 498, 499, 687 N.E.2d 458.

5. Although Holzer did not present any affirmative evidence to show that it complied with R.C. 4123.35, we assume, for the sake of argument, that it complied with the workers' compensation statutes.

sustained by an employee while performing a required duty in the employer's service. * * * An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business." *Ruckman v. Cubby Drilling, Inc.* (1998), 81 Ohio St.3d 117, 120, 689 N.E.2d 917. "Such injuries must be connected with the operation of the employer's business, either on the premises or within its immediate environs; or, if the injuries are sustained elsewhere, the employee, acting within the scope of his employment, must, at the time of his injury, have been engaged in the promotion of his employer's business and in the furtherance of his affairs." *Indus. Comm. v. Bateman* (1933), 126 Ohio St. 279, 185 N.E. 50, paragraph two of the syllabus. Ordinarily, the issue of whether an employee is acting within the course of employment is a question of fact. See *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 334, 587 N.E.2d 825; *Posin v. A.B.C. Motor Court Hotel, Inc.* (1976), 45 Ohio St.2d 271, 278, 74 O.O.2d 427, 344 N.E.2d 334. Only when " 'the facts are undisputed and no conflicting inferences are possible' " does it become a question of law. *Osborne*, 63 Ohio St.3d at 330, 587 N.E.2d 825, quoting *Mary M. v. Los Angeles* (1991), 54 Cal.3d 202, 213, 285 Cal.Rptr. 99, 814 P.2d 1341 (internal quotation omitted).

{¶ 16} "Arising out of" refers to the "causal connection between the injury and the injured person's employment." *Maynard*, 166 Ohio App.3d 76, 2006-Ohio-1724, 849 N.E.2d 77, at ¶ 22. An injury arises out of employment "when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work was required to be performed and the resulting injury." *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 573, 55 O.O. 472, 125 N.E.2d 1.

{¶ 17} We believe that Holzer's evidentiary materials fall short and do not satisfy its initial burden to demonstrate the absence of a material fact as to whether Saunders sustained her second injury in the course of or arising out of her employment. Although Holzer submitted some evidence to show that Saunders suffered her second injury while "on the clock" and while at her general place of employment, this evidence does not definitively establish that her injury bore a logical relation to her employment and that she sustained her injury in the course of her employment. The only evidence appellees rely upon to demonstrate the absence of a material fact is that Saunders "was on the clock" and was paid her hourly wage and that Holzer required her to attend the physical therapy session as part of her workers' compensation claim. Holzer, however, offered no other evidence to demonstrate the absence of a material fact as to whether Saunders sustained her injury in the course of employment or arising out of her employment.

{¶ 18} At this juncture, and based upon the evidentiary materials currently before the court, we believe that reasonable minds can differ as to whether Saunders' second injury bore a logical relation to her employment. Also, reasonable minds can differ as to whether Saunders's second injury arose out of her employment because the evidentiary materials do not establish the absence of a material fact whether Saunders's second injury bore a causal connection to her employment. Thus, after our review of appellees' evidentiary materials, we believe that reasonable minds could reach differing conclusions as to whether Saunders's injury, which she received while receiving treatment for a work-related injury, was itself a work-related injury.[6]

{¶ 19} Accordingly, because Holzer did not present sufficient evidence to demonstrate the absence of a material fact regarding whether the injury was received "in the course of" or "arising out of" employment, Holzer is not, at this juncture, entitled to summary judgment on the basis of workers' compensation immunity.[7]

## C

### FELLOW–EMPLOYEE IMMUNITY

{¶ 20} Hemphil, a Holzer employee and physical therapist, contends that the fellow-employee immunity statute bars appellants' claims. R.C. 4123.741 provides:

No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by

6. We believe that Holzer's decision to provide Saunders with workers' compensation benefits under its self-insured program does not necessarily preclude appellants' claims. When the bureau finds an injury compensable, the finding necessarily includes findings that the injury occurred in the course of and arose out of employment. However, when a self-insured employer provides an injured employee with workers' compensation, the self-insured employer may choose to award greater benefits than the benefits that the law requires. See Ohio Adm.Code 4123–19–01(C). Thus, because a self-insured employer may opt to award greater benefits, a self-insured employer could, in theory, decide to provide an injured employee with workers' compensation even if the injury did not occur in the course of or arising out of employment.

7. Our decision should not be construed to preclude either party from producing additional evidentiary materials on remand to demonstrate the absence of a material fact. We hold not that the evidentiary materials affirmatively support the view that the injury occurred in the course of and arising out of employment but, rather, that the evidentiary materials as currently constituted are insufficient to establish that the injury did not occur "in the course of" and "arising out of" employment. In short, we believe that appellee's summary judgment evidentiary materials, although essentially uncontested, fell short and failed to meet its burden in order to merit summary judgment. On remand, the parties may again request summary judgment.

statute for any injury or occupational disease, received or contracted by any other employee of such employer *in the course of and arising out* of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code.

(Emphasis added.)   Thus, for Hemphil to be entitled to immunity under the fellow-employee immunity statute, he must demonstrate the absence of a material fact as to whether Saunders sustained her injury both in the course of and arising out of her employment.

{¶ 21} As we concluded with respect to Holzer's immunity, Hemphil likewise did not carry his burden of showing that he is entitled to immunity.   For fellow-employee immunity to apply, the injured employee must have sustained the injury in the course of and arising out of employment.   The evidentiary materials do not, at this juncture, establish the absence of a genuine issue of material fact as to whether Saunders sustained her injury in the course of and arising out of her employment.

{¶ 22} Additionally, because appellees did not fulfill their initial burden to show that they are entitled to immunity under the workers' compensation or fellow-employee immunity statutes, we need not address the issue of whether the dual-capacity doctrine excepts them from immunity.   See, generally, *Huffman v. SmithKline Beecham* (N.D.Ohio 2000), 111 F.Supp.2d 921; *McGee v. Goodyear Atomic Corp.* (1995), 103 Ohio App.3d 236, 659 N.E.2d 317; *Wilson v. Marino* (2005), 164 Ohio App.3d 662, 2005-Ohio-6521, 843 N.E.2d 849.

{¶ 23} Accordingly, based upon the foregoing reasons, we hereby sustain appellants' first and third assignments of error, reverse the trial court's judgment, and conclude that our disposition of appellants' first and third assignments of error renders moot the remaining assignment of error.   See App.R. 12(A)(1)(c).

Judgment reversed
and cause remanded.

ABELE, P.J., and McFARLAND, J., concur.