DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Gallia County Common Pleas Court summary judgment in favor of Holzer Hospital Foundation and Michael Z. Hemphil, defendants below and appellees herein, following our remand.[2] On remand, the trial court determined that appellees had no liability to Alicia and Charles Saunders, plaintiffs *Page 2 
below and appellants herein, for their negligence claim.
 {¶ 2} Appellants raise the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR:
 "DEFENDANT-APPELLEE HOLZER MEDICAL CENTER FAILED TO MEET ITS BURDEN TO SHOW THAT NO GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING WHETHER IT IS ENTITLED TO WORKERS' COMPENSATION IMMUNITY."
 SECOND ASSIGNMENT OF ERROR:
 "DEFENDANTS-APPELLEES HOLZER MEDICAL CENTER AND MICHAEL Z. HEMPHIL FAILED TO MEET THEIR BURDEN TO SHOW THAT NO GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THE FELLOW-EMPLOYEE IMMUNITY STATUTE BARS PLAINTIFFS'-APPELLANTS' CLAIMS AGAINST THEM."
 THIRD ASSIGNMENT OF ERROR:
 "DEFENDANT-APPELLEE HOLZER MEDICAL CENTER FAILED TO MEET ITS BURDEN TO SHOW THAT NO GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING HOLZER MEDICAL CENTER'S LIABILITY TO PLAINTIFFS-APPELLANTS UNDER THE DUAL CAPACITY DOCTRINE."
 FOURTH ASSIGNMENT OF ERROR:
 "DEFENDANT-APPELLEE HOLZER MEDICAL CENTER FAILED TO MEET ITS BURDEN TO SHOW THAT NO GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING HOLZER MEDICAL CENTER'S LIABILITY BASED ON THE DOCTRINE OF RESPONDEAT SUPERIOR FOR THE NEGLIGENCE OF DEFENDANT-APPELLEE MICHAEL Z. HEMPHIL."
 {¶ 3} On April 23, 2006, Alicia Saunders suffered a neck injury while employed as a delivery-room nurse at Holzer. She received workers' compensation benefits *Page 3 
under Holzer's self-insured program for her injury.[3] Part of her workers' compensation claim included physical therapy that she received at Holzer while "on the clock." Saunders allegedly suffered an additional injury while undergoing this physical therapy with Hemphil.
 {¶ 4} In her deposition, Saunders admitted that she sought and received additional workers' compensation for the injury that she claimed to have suffered during her physical therapy. She further admitted that Holzer has paid all of her benefits and all of her medical bills for the alleged physical therapy injury and that she continues to receive workers' compensation for the injury. Saunders further stated that she went "to physical therapy as prescribed and required by Holzer under the care of Hemphil for her treatment [of her prior injury]."[4]
 {¶ 5} Following our remand, appellees filed a second motion for summary judgment. They reiterated many of the same arguments raised in their first motion, but asserted that the court should consider Saunders' deposition, which it had not considered when ruling on the first motion.[5]
 {¶ 6} On August 21, 2008, the trial court granted appellees' summary judgment. In reaching its detailed and well-reasoned decision, the trial court relied upon all of the evidentiary materials appellees submitted, including Saunders' deposition. The court *Page 4 
determined that the following facts are undisputed: (1) Saunders was an employee of Holzer at the time of her initial injury on April 26, 2003; (2) she sustained this injury "in the course of or ar[ising] out of her employment"; (3) she filed for and received workers' compensation benefits through Holzer's self-insured workers' compensation program and received therapy for her injury through Holzer's Work Link program; (4) part of her workers' compensation plan called for her to receive physical therapy; (5) she received physical therapy; (6) on October 23, 2003, while receiving physical therapy, she allegedly received an injury that aggravated her prior injury; (7) at the time of the second injury, she was in the employ of Holzer in the maternity ward, went from her particular work area to the physical therapy department, and was being paid by Holzer while she attended physical therapy; (8) she filed for and received workers' compensation benefits through Holzer's self-insured workers' compensation program for the second injury; and (9) she did not appeal the award of benefits through Holzer's self-insured workers' compensation program for the second injury. The court stated: "The fact that [Saunders] received this injury during therapy and while in the course of or arising out of her employment with Holzer has already been determined. It was determined when she received the award for compensation in the workers' compensation case." The court determined that Saunders could not seek recovery under Holzer's workers' compensation program and also claim negligence. The court explained: "To recover in this case in tort, she must contend/argue that she was not injured in the course of or scope of her employment. * * * [I]t has already been determined that she was injured in the course of or scope of her employment which now acts as res judicata which bars her from a second recovery." *Page 5 
 {¶ 7} With respect to Saunders' claim against Hemphil under the fellow-employee doctrine, the court likewise determined that because she received workers' compensation for the injury, she could not now seek to hold Hemphil liable for negligence. The court additionally determined that because a negligence claim against Hemphil is barred, Saunders could not hold Holzer liable under the doctrine of respondeat superior. The court also rejected Saunders' argument that the dual capacity exception to workers' compensation immunity applied to impose liability on Hemphil or Holzer. The court first concluded that Saunders did not sufficiently plead the doctrine:
 "[T]here is absolutely no allegation and showing in the complaint that Holzer occupied two independent and unrelated relationships with Saunders, that Holzer had two different obligations toward Saunders and that Holzer at the time of the injury had assumed a role other than that of employer. This action was filed as a straightforward medical claim. In fact, paragraph two of the complaint so states. Further, there is absolutely no mention in the complaint that Saunders was an employee of Holzer at the time of the injury. For these reasons standing alone, this Court finds the dual capacity doctrine to be inapplicable."
The court then concluded that even if Saunders had properly pled the dual capacity doctrine, she failed to establish a genuine issue of material fact as to whether the doctrine applied to remove Holzer's workers' compensation immunity. The court also determined that Saunders could not invoke the doctrine against a fellow employee. Thus, the trial court entered summary judgment in appellees' favor. This appeal followed.
 I {¶ 8} Appellant's four assignments of error all challenge the propriety of the trial court's decision to grant summary judgment in appellees' favor. Accordingly, we jointly *Page 6 
consider them.
 {¶ 9} In their assignments of error, appellants assert that Holzer failed to demonstrate the absence of a material fact regarding whether (1) it is entitled to immunity under the workers' compensation statute; (2) the fellow-employee immunity statute bars appellants' claims; (3) it is liable to appellants under the dual capacity doctrine; and (4) liability exists under the doctrine of respondeat superior.
 A. SUMMARY JUDGMENT STANDARD {¶ 10} An appellate court conducts a de novo review of a trial court's summary judgment. See, e.g., Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, appellate courts independently review the record to determine whether summary judgment is appropriate and need not defer to the trial court's decision. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-412,599 N.E.2d 786. Thus, to determine whether a trial court properly granted summary judgment, an appellate court must review the Civ. R. 56 standard as well as the applicable law. Civ. R. 56(C) provides:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence [in the pending case,] and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for *Page 7 
summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 11} Thus, a trial court may grant summary judgment if the evidentiary materials demonstrate that (1) no genuine issue as to any material fact remains to be litigated, (2) after the evidence is construed most strongly in the nonmoving party's favor, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to judgment as a matter of law.Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-430,674 N.E.2d 1164.
 {¶ 12} Under Civ. R. 56, the moving party bears the initial burden to inform the trial court of the motion's basis and to identify those portions of the record that demonstrate the absence of a material fact.Vahila, supra; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264. A moving party cannot, however, discharge its initial burden with a conclusory assertion that the nonmoving party has no evidence to prove its case. See Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, 147, 677 N.E.2d 308; Dresher, supra. Rather, a moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ. R. 56(C); Dresher, supra. "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant summary judgment."Pennsylvania Lumbermens Ins. Corp. v. *Page 8 Landmark Elec, Inc. (1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65.
 {¶ 13} Once a moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts to show that a genuine issue of fact remains. Civ. R. 56(E); Dresher, supra. A trial court may grant a properly supported summary judgment motion if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ. R. 56, with specific facts to show that a genuine issue of material fact remains. Dresher; Jackson v. Alert Fire Safety Equip.,Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027.
 B. WORKERS' COMPENSATION IMMUNITY {¶ 14} In their first assignment of error, appellants argue that the trial court improperly determined that no genuine issues of material fact remained as to whether Holzer is immune from liability under the worker's compensation statute. In particular, they contend that genuine issues of material fact remain regarding whether Saunders sustained her physical therapy injury in the course of or arising out of her employment.
 {¶ 15} Section 35, Article II of the Ohio Constitution sets forth the general immunity that applies to employers who comply with workers' compensation laws and states:
 For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or *Page 9 
damages, for such death, injuries, or occupational disease and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. * * *
R.C. 4123.74 codifies the workers' compensation immunity provision and states:
 Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.
"Cases construing R.C. 4123.74 have held that this statute provides to employers immunity from liability to employees so long as the employer was in full compliance with the workers' compensation statutes at the time of the accident." Maynard v. H.A.M. Landscaping, Inc.,166 Ohio App.3d 76, 2006-Ohio-1724, 849 N.E.2d 77, at ¶ 17, citing Catalano v.Lorain, 161 Ohio App.3d 841, 2005-Ohio-3298, 832 N.E.2d 134, andJones v. Multi-Color Corp. (1995), 108 Ohio App.3d 388, 670 N.E.2d 1051. "Thus, an employer with an Industrial Commission certificate of workers' compensation insurance governing the period when a workplace injury or death occurs to an employee is entitled to judgment in its favor based on the statutory immunity from nonintentional personal injury and wrongful death tort claims as a matter of law." Walter v. AlliedSignal,Inc. (1999), 131 Ohio App.3d 253, 260, 722 N.E.2d 164; see, also,Maynard, at ¶ 18.
 {¶ 16} The statute requires, however, that for immunity to apply, the injury must be sustained in the course of or arise out of employment. In contrast to the *Page 10 
requirements for compensability, which are conjunctive, [6] the requirements for R.C. 4123.74 immunity are disjunctive. SeeMaynard, at ¶¶ 20 and 22. Consequently, a complying employer is entitled to workers' compensation immunity if the employer establishes either that the injury occurred in the course of or arose out of employment. Id. Again, an employer need not show both. Id. Thus, for Holzer to be immune from liability for appellants' negligence claim, the record must be devoid of any genuine issues of material fact regarding whether (1) Holzer complied with R.C. 4123.35, and (2) appellant sustained her injury in the course of or arising out of her employment.
 {¶ 17} In the case at bar, Holzer alleges that it is self-insured and that appellant received workers' compensation. Holzer, however, did not present affirmative evidence to show that it complied with R.C. 4123.35
or that appellant received workers' compensation benefits under its self-insured program. Nonetheless, appellant admitted that she received workers' compensation benefits for both her physical therapy injury and her prior neck injury. Thus, it is apparent that Holzer complied with R.C. 4123.35.
 {¶ 18} The more difficult question is whether appellant suffered her physical therapy injury while in the course of and arising out of her employment. Clearly, Holzer paid appellant workers' compensation benefits under its self-insured program. Holzer did not, however, submit evidence to show how the determination was made or who made the determination that appellant's physical therapy injury was compensable under its self-insured program. Obviously, someone decided that her injury was compensable *Page 11 
under the program, but there is no evidence to document it. We, however, do not find that these gaps in the evidence preclude summary judgment in Holzer's favor. Even in light of appellant's argument that genuine issues of material fact remain regarding whether she sustained her physical therapy injury in the course of or arising out of her employment is correct, we may nevertheless affirm the trial court's judgment under the doctrine of election of remedies.[7]
 {¶ 19} The doctrine of election of remedies states that the election of one remedial right bars pursuit of another when one right is inconsistent with the other and the election is made with "knowledge and intention and purpose to elect." Stowers v. Baron (1979),65 Ohio App.2d 283, 285, 418 N.E.2d 404, citing Frederickson v. Nye (1924),110 Ohio St. 459, 144 N.E. 299. "Traditionally, one purpose of the doctrine of election of remedies is to prevent double recovery and preclude a litigant from pursuing a remedy that, in a previous action, he rejected in favor of an alternative and inconsistent remedy. Another purpose is to prevent needless experimentation with the remedies afforded by law. The prerequisites to application of the doctrine are: (1) the existence of two or more remedies; (2) the inconsistency of such remedies; and (3) a choice of one of them." Davis v. Rockwell Internatl. Corp. (N.D.Ohio 1984), 596 F.Supp. 780, 787 (citations omitted).
 {¶ 20} We recognize that the doctrine of election of remedies is considered a *Page 12 
"`harsh and technical rule of procedure that is not favored in Ohio.'"Mac Tools, Inc. v. Administrator, Ohio Bureau of EmploymentServices (Dec. 4, 1989), Fayette App. No. CA89-05-010, quotingDavis, 596 F.Supp. at 787. A court, however, will apply the doctrine in workers' compensation cases when an employee accepts benefits, but later brings an action against the employer alleging negligence. See, generally, Switka v. Youngstown, Mahoning App. No. 05MA74,2006-Ohio-4617, at ¶ 31 (holding that receipt of workers' compensation benefits barred negligence claims); Catalano, supra (stating that employee could not maintain negligence action against employer when employee had received workers' compensation benefits for his injury); see, also, Egan v. National Distillers Chemical Corp. (1986),25 Ohio St.3d 176, 178-179, 495 N.E.2d 904 (stating that an injured employee who receives workers' compensation benefits is estopped from maintaining a negligence action against the employer); Jones v. VIP DevelopmentCo. (1984), 15 Ohio St.3d 90, 94, 472 N.E.2d 1046 (holding that when the injury suffered at the workplace is not intentionally inflicted the employee's sole avenue of recovery is through the workers' compensation system); Parzyck v. Jordan (Oct. 30, 1986), Cuyahoga App. No. 51203 ("In short, appellant cannot file a Pennsylvania workmen's compensation claim stating her injury occurred while she was acting within the scope of her employment, and later file a personal injury suit in Ohio contending that this same injury did not happen within the course of her employment.").
 {¶ 21} The Ohio Supreme Court stated in Kaiser v. Strall (1983),5 Ohio St.3d 91, 94, 449 N.E.2d 1:
 "Our system for legal redress of injuries is not a shopping mart, * * * A claimant must frequently make a binding choice between alternative forms of relief. Indeed, by electing to seek a potentially preemptive *Page 13 
administrative remedy, appellant herein voluntarily jeopardized her right to have her claim adjudicated in a civil proceeding.
 For us to accept appellant's argument would be to countenance duplicative, wasteful litigation. We refuse such an entreaty. This court joins with those in other jurisdictions that, faced with the same issue, have concluded that claimants enjoy no prerogative, constitutional or otherwise, to choose between workers' compensation and common-law remedies where the former has been legislatively deemed to provide the exclusive means of recovery. See Collier v. Wagner Castings Co. (1980), 81 Ill.2d 229, 408 N.E.2d 198; Olson v. American Oil Co. (D.N.D. 1978), 474 F.Supp. 560; Kowcun v. Bybee (1947), 182 Ore. 271, 186 P.2d 790."
The Ohio Supreme Court also observed in Blankenship v. CincinnatiMilacron Chemicals, Inc.:
 "The workers' compensation system is based on the premise that an employer is protected from a suit for negligence in exchange for compliance with the Workers' Compensation Act. The Act operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability. But the protection afforded by the Act has always been for negligent acts and not for intentional tortious conduct. Indeed, workers' compensation Acts were designed to improve the plight of the injured worker, and to hold that intentional torts are covered under the Act would be tantamount to encouraging such conduct, and this clearly cannot be reconciled with the motivating spirit and purpose of the Act."
(1982), 69 Ohio St.2d 608, 614, 433 N.E.2d 572 (footnotes omitted).
 {¶ 22} In the case sub judice, appellant admitted[8] that she sought and received workers' compensation benefits for her physical therapy injury and that she continues to *Page 14 
receive those benefits. "Appellant made a binding choice to pursue an administrative remedy to the exclusion of any remedies [s]he had at common law." Wilson v. Arthur Brand Constr. (July 2, 1997), Hamilton App. No. C-960775. Thus, because she elected the remedy that the workers' compensation statute provides, she may not now seek to hold appellees liable for negligence.
 {¶ 23} Accordingly, based upon the foregoing reasons, we hereby overrule appellants' first assignment of error.
 C. FELLOW-EMPLOYEE IMMUNITY {¶ 24} In their second assignment of error, appellants contend that the trial court wrongly concluded that the fellow-employee immunity statute, R.C. 4123.741, [9] bars their claims against Hemphil, Saunders' physical therapist and a fellow Holzer employee.
 {¶ 25} In the case sub judice, Saunders admitted that she received workers' compensation benefits through Holzer's self-insured program for her physical therapy injury. Thus, although we find no documentary evidence that Holzer allowed her claim under its self-insured program, obviously someone determined that her injury was *Page 15 
compensable under R.C. 4123.01 through 4123.94. Furthermore, Saunders does not dispute that she received the benefits. Because she elected to receive workers' compensation benefits, any negligence claims against Hemphil are thereby barred.
 {¶ 26} Accordingly, based upon the foregoing reasons, we hereby overrule appellants' second assignment of error.
 D. DUAL CAPACITY {¶ 27} In their third assignment of error, appellants assert that the trial court erred by determining that the dual capacity doctrine does not remove the workers' compensation immunity that Holzer otherwise enjoys. Appellees contend that because appellants failed to allege any independent act of negligence against Holzer, its dual capacity argument necessarily fails.
 {¶ 28} The dual capacity doctrine creates an exception to an employer's workers' compensation immunity for non-intentional personal injury and wrongful death tort claims. See Walter v. AlliedSignal,Inc. (1999), 131 Ohio App.3d 253, 722 N.E.2d 164, citing Bridges v.Natl. Eng. Contracting Co. (1990), 49 Ohio St.3d 108, 551 N.E.2d 163; R.C. 4123.35. The dual-capacity doctrine provides that an employer may be liable in negligence to an employee, despite workers' compensation immunity, if "the employer occupied two independent and unrelated relationships with the employee, that at the time of these roles of the employer there were occasioned two different obligations to this employee, and that the employer had during such time assumed a *Page 16 
role other than that of employer." Freese v. Consolidated RailCorp. (1983), 4 Ohio St.3d 5, 12, 445 N.E.2d 1110; see, also,Bakonyi v. Ralston Purina Co. (1985), 17 Ohio St.3d 154, 157,478 N.E.2d 241.
 {¶ 29} In determining whether to apply the dual capacity doctrine, a court must ascertain "whether the employer stepped out of his role as such, and had assumed another hat or cloak * * *." Freese,4 Ohio St.3d at 11. "* * * The decisive dual-capacity test is not concerned with how separate or different the second function of the employer is from the first, but whether the second function generates obligations unrelated to those flowing from that of employer. This means that the employer must step outside the boundaries of the employer-employee relationship, creating separate and distinct duties to the employee; the fact of injury must be incidental to the employment relationship." Schump v.Firestone Tire and Rubber Co. (1989), 44 Ohio St.3d 148, 152,541 N.E.2d 1040, quoting Weber v. Armco, Inc. (Okla. 1983), 663 P.2d 1221,1226-1227.
 {¶ 30} In McGee v. Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236,248, 659 N.E.2d 317, we explained the dual capacity doctrine as follows:
 "In order for the dual capacity doctrine to apply, there must be an allegation and showing that the employer occupied two independent and unrelated relationships with the employee, that (at the times of these roles) there were occasioned two different obligations to the employee and that the employer had during such time assumed a role other than that of employer. See Schump[, supra at 150] * * *; Bakonyi[, supra at 157] * * *; Freese[, supra at 12] * * *. An employer may become a third person, amendable to tort suit by an employee under this doctrine, if-and only if-he possesses a second persona so completely independent from, and unrelated to, his status as an employer that by established standards the law recognizes it as a separate legal person. See McDonald v. Contractors Indus. Bldrs. (Aug. 26, 1992), Scioto App. No. 91CA2005, unreported, at 16 * * * See, also, 2a Larson, Workmen's Compensation *Page 17 
(1988) 14-229, Section 72.81(a). In other words, the inquiry to be made is whether the employment relationship is incidental to or predominates in the circumstances surrounding the incident giving rise to the complaint herein. See Lucas v. Prose (Mar. 12, 1992), Franklin App. No. 91AP-917, unreported * * *."
See, also, Turner v. Selby General Hospital (May 11, 1998), Washington App. No. 97CA18.
 {¶ 31} Moreover, the dual capacity doctrine does not create a cause of action, but instead acts as an exception to the general rule providing an employer with workers' compensation immunity for unintentional personal injury actions. As we stated in McGee: "There is no `cause of action for dual capacity' under Ohio law. The claim itself is for negligence or malpractice * * * The `dual capacity doctrine' is the legal theory or vehicle by which the workers' compensation laws are sidestepped to allow the presentation of these common-law claims against an employer." 103 Ohio App.3d at 247.
 {¶ 32} In the case at bar, we agree with appellees that appellants' dual capacity argument must fail. Appellants' complaint does not allege that Holzer committed any independent act of negligence separate from Hemphil's alleged negligence. Instead, appellants seek to hold Holzer vicariously liable for Hemphil's alleged negligence. Because Hemphil has no liability under the fellow-employee immunity statute and because the dual capacity doctrine does not extend to fellow employees, [10]
appellants do not have a valid negligence claim against Hemphil. As such, they likewise do not *Page 18 
have a valid negligence claim against Holzer. Consequently, without a sustainable negligence claim against Holzer, any argument regarding the dual capacity doctrine is irrelevant.
 {¶ 33} Assuming, arguendo, that the dual capacity doctrine could apply to Holzer, we agree with the trial court's analysis that the doctrine would not remove Holzer's workers' compensation immunity. The Ohio Supreme Court first recognized an action under the dual-capacity doctrine in Guy v. Arthur H. Thomas Co. (1978), 55 Ohio St.2d 183,378 N.E.2d 488. In Guy, the plaintiff, a lab technician at a hospital, alleged that she contracted mercury poisoning while performing her employment duties. She alleged that the hospital failed to properly diagnose her condition, which led to an aggravation of her injuries. The trial court determined that the hospital was entitled to workers' compensation immunity. The Ohio Supreme Court determined that the plaintiff could maintain a medical malpractice action against the hospital, notwithstanding the bar to employee civil actions provided in the workers' compensation statutes. The court stated:
 "Where an employer-hospital occupies a second or dual capacity, as an administering hospital, that confers upon it traditional obligations unrelated to and independent of those imposed upon it as an employer, an employee injured, as a result of a violation of the obligations springing from employer-hospital's second or dual capacity, is not barred by either Section 35 of Article II of the Ohio Constitution or R.C. 4123.74, Ohio Workers Compensation Law, from recovering in tort from that employer-hospital."
Id. at syllabus. Thus, the court determined that by providing treatment to the employee, the hospital assumed the traditional obligations attendant to a hospital-patient relationship, which obligations were "unrelated to and independent of those imposed *Page 19 
upon it as an employer * * *." Id. at syllabus.
 {¶ 34} This court addressed the dual capacity doctrine in Turner v.Selby General Hospital (May 11, 1998), Washington App. No. 97CA18. InTurner, the plaintiff, a nurse employed with the hospital, was required to undergo a yearly physical examination. In 1983, she received a positive test result that indicated that she had been exposed to active tuberculosis. In each of the following years, part of her annual employment-related physical exam included chest x-rays that were performed on the premises of her employer. In 1994, the plaintiff learned from a different set of physicians employed at a different hospital that she had active tuberculosis and that she had had the disease for a number of years. She subsequently filed a negligence action against her employer and alleged that her employer negligently failed to diagnose her as suffering from tuberculosis. The trial court determined that the workers' compensation statutes provided her with the exclusive remedy against her employer and that the dual capacity doctrine did not apply.
 {¶ 35} On appeal, we affirmed the trial court's judgment. We agreed with the trial court's reasoning that because the hospital required the chest x-rays and annual physical examinations as a condition of the plaintiff's employment, the employment relationship predominated. We further concluded that the hospital did not conduct the annual examinations in its capacity as a public hospital, but instead in its capacity as the plaintiff's employer. We observed that the hospital's personnel department, not a treating physician, referred the plaintiff to the hospital's laboratory/radiology department, along with a form to be completed and returned to the personnel department.
 {¶ 36} In the case at bar, we believe that the employment relationship *Page 20 
predominated. Saunders suffered the alleged physical therapy injury while receiving treatment for a prior workers' compensation injury. Holzer provided physical therapy to Saunders as part of her workers' compensation claim. While Holzer also presumably provides physical therapy to members of the general public, under the circumstances of this case Holzer provided the physical therapy to Saunders in its employment capacity, not as a general provider of physical therapy. As we stated, Saunders' physical therapy was part of her workers' compensation claim. She was on the clock at the time of the alleged injury. Holzer continued to pay her while she received the treatment. Unlike the plaintiff in Guy, in the case at bar Saunders did not receive treatment from Holzer as an ordinary patient. Instead, she received treatment as an employee undergoing physical therapy for a prior workers' compensation injury. Her injury occurred while she was receiving work-related healthcare. Under these particular circumstances, we believe that Holzer continued to occupy its role as Saunders' employer and did not, in effect, assume a second persona by providing her with physical therapy for her prior workers' compensation injury.
 {¶ 37} Accordingly, based upon the foregoing reasons, we hereby overrule appellants' third assignment of error.
 E. RESPONDEAT SUPERIOR {¶ 38} In her fourth assignment of error, appellant asserts that the trial court improperly determined that Holzer was entitled to summary judgment based upon the doctrine of respondeat superior. *Page 21 
 {¶ 39} "Under the doctrine of respondeat superior, a hospital is liable for the negligent acts of its employees." Berdyck v. Shinde
(1993), 66 Ohio St.3d 573, 578, 613 N.E.2d 1014. When a hospital employee is free of negligence, the hospital cannot be held vicariously liable. In other words, "a direct claim against a hospital premised upon the negligence of an employee who cannot be found liable is contrary to basic agency law." Comer v. Risko, 106 Ohio St.3d 185, 190,2005-Ohio-4559, 833 N.E.2d 712, at ¶ 25.
 {¶ 40} In the case at bar, we determined that Hemphil, Holzer's employee, has no liability to appellant. Because Hemphil has no liability, Holzer can have no liability under the doctrine of respondeat superior.
 {¶ 41} Accordingly, based upon the foregoing reasons, we overrule appellant's fourth assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellants the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, J. McFarland, J.: Concur in Judgment Opinion Harsha, J.: Not Participating
[2] See Saunders v. Holzer Hosp. Foundation, 176 Ohio App.3d 275,2008-Ohio-1032, 891 N.E.2d 1202.
[3] Although Holzer has presented no evidence to show that it is a self-insured employer, appellants do not dispute this fact.
[4] Additional facts may be found in our prior opinion.
[5] Because the trial court did not consider Saunders' deposition when deciding the first summary judgment motion, we likewise did not consider it. See Saunders, at fn.2.
[6] R.C. 4123.01(C) requires that the injury be sustained both in the course of and arising out of the injured employee's employment. See, e.g., Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498,499, 687 N.E.2d 458.
[7] The trial court partially relied upon the doctrines of res judicata and collateral estoppel in reaching its decision. However, because there is no evidence that a quasi-administrative body heard appellant's claim (due to Holzer's status as a self-insured employer), we do not find those related doctrines applicable. Instead, we believe that the doctrine of election of remedies provides the proper analysis for disposing of appellant's negligence claim.
[8] In the earlier appeal, we did not have the benefit of appellant's deposition in which she stated that she received workers' compensation for the physical therapy injury. Moreover, appellees did not submit any documentary evidence with their initial summary judgment motion to show that its self-insured workers' compensation program administered any benefits to appellant. Instead, appellees' evidentiary materials focused on whether Saunders sustained her injury in the course of or arising out of her employment.
[9] R.C. 4123.741 provides:
No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code.
[10] See Jarvis v. Shindler (1984), 20 Ohio App.3d 227,485 N.E.2d 721. Moreover, the doctrine, by its plain terms, applies only to employers. No Ohio Supreme Court case has ever extended it to fellow employees.
 *Page 1